WILLIAM E. CURRIER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Currier v. Commissioner
Docket No. 2430-89 25
United States Tax Court
T.C. Memo 1990-515; 1990 Tax Ct. Memo LEXIS 568; 60 T.C.M. (CCH) 907; T.C.M. (RIA) 90515; September 26, 1990, Filed *568 Decision will be entered for the respondent. William E. Currier, pro se. George W. Bezold, for the respondent. GALLOWAY, Special Trial Judge. GALLOWAY
MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1954 and Rules 180, 181, and 182. [1]
By notice of deficiency dated November 8, 1988, respondent determined that petitioner had failed to report on a timely filed 1985 income tax return the following items of gross income: Source
Type
Amount
State of Wisconsin
Department of Employment
annuity/pension
$ 15,430
Franklin Life Insurance Company
interest
$ 48
Tri-City National Bank
interest
$ 6
*570 Respondent determined the following deficiency and additions to tax as a result of these adjustments: Additions to Tax - Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
1985
$ 1,846
$ 461.50
$ 92.30
*
$ 105.77
After concessions by petitioner, [2] the issues for decision are: (1) whether the notice of deficiency in which respondent determined petitioner's tax liability is valid; (2) whether petitioner is liable for the additions to tax determined by respondent; and (3) whether damages (penalty) should be awarded to the United States pursuant to section 6673. *571 Petitioner was a resident of West Allis, Wisconsin, when his petition herein was filed. Our findings of fact and opinion are combined for purposes of clarity and convenience. BACKGROUND
Petitioner was born in 1931 and was 57 years of age when he filed the petition in this case. He commenced filing tax returns when he was 17 years of age. However, petitioner testified that he had not filed an income tax return since 1981. It appears that petitioner believed that his annuity/pension income was not taxable in prior years and he ceased filing tax returns. After the Internal Revenue Service Collection Division levied on the annuity/pension payment for unpaid taxes, petitioner voiced his objections by writing letters to the District Director of Internal Revenue, Milwaukee, Wisconsin, and other government offices. Some of these letters written from March 1989 through August 1989 requested documentary information concerning the tax years 1982 through 1985 pursuant to the Freedom of Information Act, the Privacy Act and section 6103(a). Respondent provided petitioner with the non-exempt information requested under the Freedom of Information Act on August 23, 1989. In his *572 2-page petition filed February 6, 1989, petitioner alleged that (1) he was "not liable for penalties * * * because there is no deficiency," and (2) was "entitled to claim $ 9,200 as * * * ligitimate (sic) expenses associated with the operation of Freeman Inn, a tavern that he and his former companion ran jointly during that year." Respondent denied petitioner's allegations in his answer. Respondent contacted petitioner on April 13, June 26, and July 28, 1989, requesting that petitioner attend a conference to substantiate his alleged business loss. Petitioner met with respondent on May 8 and August 22, 1989, but provided no evidence substantiating the business expenses claimed to have been incurred. At trial, petitioner conceded that he had no records to substantiate the expenses alleged in his petition. 1. Notice of Deficiency
In his trial memorandum, petitioner argues that the notice of deficiency was invalid because there was an "irregularity in making the determination of a deficiency against him * * *." Respondent's determinations, as embodied in respondent's notices of deficiency, are presumed correct. Welch v. Helvering, 290 U.S. 111 (1933); Berkery v. Commissioner , 91 T.C. 179, 186 (1988), *573 affd. 872 F.2d 411 (3d Cir. 1989); Rule 142(a). Petitioner is effectively requesting this Court to "look behind" and review respondent's motives in issuing the statutory notice. As a general rule, however, this Court will not look behind the notice of deficiency to examine the evidence used or the propriety of respondent's motives involved in making his deficiency determination. Dellacroce v. Commissioner, 83 T.C. 269, 280 (1984); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). Only under rare circumstances, none of which are present here, will this Court look behind the statutory notice of deficiency and examine respondent's basis for issuing the notice. Berkery v. Commissioner, supra at 186-187, and cases cited therein. Accordingly, respondent's statutory notice of deficiency is valid. 2. Additions to Tax
a. Section 6651(a)(1)
Section 6651(a)(1) provides for an addition to tax for failure to file a timely return, unless such failure was due to reasonable cause and is not due to willful neglect. Here, petitioner has conceded that he did not file a 1985 return although he *574 filed returns in 1981 and prior years. His contention that he was not required to file is based on time-worn protester grounds which have previously been rejected by this Court and require no discussion. Petitioner has failed to sustain his burden of proving that the section 6651(a)(1) addition to tax does not apply to the year in issue. Davis v. Commissioner, 81 T.C. 806, 820 (1983), affd. without opinion 767 F.2d 931 (9th Cir. 1985); Rule 142(a). b. Section 6654(a)
Section 6654(a) imposes an addition to tax for the underpayment of estimated tax. Petitioner has the burden of proving that respondent erred in determining that the addition to tax under section 6654(a) for the taxable year 1985 should be imposed. Hollman v. Commissioner, 38 T.C. 251 (1962). He has failed to do so. Accordingly, respondent is sustained. c. Section 6653(a)
Section 6653(a)(1) imposes a 5 percent addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) provides for a separate addition to tax equal to 50 percent of the interest payable on the portion *575 of the underpayment attributable to negligence or intentional disregard of rules and regulations. For this section, negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Rybak v. Commissioner, 91 T.C. 524, 565 (1988); Neely v. Commissioner, 85 T.C. 934, 947 (1985). Once again, petitioner bears and has failed to carry the burden of proving that he was not negligent. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972); Rule 142(a). 3. Damages to the United States under Section 6673
On September 11, 1989, respondent filed a motion for damages (now called a penalty) in the amount of $ 5,000 pursuant to section 6673. Respondent's damage award request is based on the grounds that petitioner instituted and maintained this proceeding primarily for delay and that petitioner's positions in this proceeding are frivolous or groundless. Section 6673 provided that whenever it appears that proceedings before this Court have been instituted or maintained by the taxpayer primarily for delay, *576 that the taxpayer's position in such proceedings is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies, damages in an amount not in excess of $ 5,000 shall be awarded to the United States. Further, as to positions taken after December 31, 1989, in proceedings which are pending on or commenced after such date, this Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a) and (d), 103 Stat. 2106, 2400-2402. Petitioner did meet with respondent to prepare this case for trial. He signed a stipulation of facts and conceded all substantive issues except additions to tax. Petitioner, however, relied on time-worn previously rejected protester arguments in maintaining a frivolous and groundless position that respondent's notice of deficiency was invalid. Using our discretion, we require petitioner to pay to the United States a penalty of $ 500 pursuant to section 6673. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect for the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the underpayment to tax attributable to negligence or intentional disregard.↩
2. The case was called from the trial calendar on September 25, 1989, at Milwaukee, Wisconsin. At that time, petitioner admitted that the annuity or pension income "may have been taxable." When the case was called the following day for trial, the parties stipulated in writing that petitioner had received the items of annuity or pension and interest. Petitioner presented no evidence that the questioned items were not taxable income. He is deemed to have conceded these items.↩